CULPEPPER IP, LLLC
Kerry S. Culpepper, Bar No. 9837
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740
Telephone:  (808) 464-4047
Facsimile:   (202) 204-5181
E-Mail:       kculpepper@culpepperip.com

Attorney for Plaintiff
Bodyguard Productions, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Bodyguard Productions, Inc., <br><br> Plaintiff, <br> vs. <br><br> Pacific DirectConnect, Inc., <br><br> Defendant | **Case No.: 1:19-cv-456-ACK-WRP** <br> (Copyright) <br><br> **JOINT REPORT OF MEETING PURSUANT TO FED. R. CIV. P. 26(f) AND LR 26.1;** <br> **CERTIFICATE OF SERVICE** <br><br> DATE:  11/19/2019 <br> TIME:   9:00 A.M. <br> JUDGE: THE HONORABLE JUDGE PORTER |

**PLAINTIFF'S REPORT OF MEETING PURSUANT TO FED. R. CIV. P. 26(f) AND   LR 26.1**

1. The following persons participated in a Rule 26(f) conference on September 17, 2019 by telephone:
   Kerry S. Culpepper, representing the Plaintiff, and
   Dick Mosher, representing the Defendant

2. Initial Disclosures.  The parties will complete by <u>October 1, 2019</u> the initial disclosures required by Rule 26(a)(1).

3. Discovery Plan. The parties propose this discovery plan:

   (a) Discovery will be needed on these subjects:
     (i) Plaintiff's allegations of contributory and direct copyright infringement,
     (ii) Defendant's defenses to the allegation,
     (iii) Any other areas related to claims or defenses.
     (iv) The issues for discovery should change if other parties such as Defendant's subscriber join this case.

   (b) The parties agree that all discovery shall be conducted in accordance with the Court's normal practice, the FRCP and the local rules.

   (c) The parties do not have any issues concerning disclosure of electronically stored information. The Plaintiff's counsel pointed out that Plaintiff will need data from the router providing service to Defendant's subscriber and will need to know if this router is under the control of Defendant or Defendant's subscriber.

   (d) The date discovery closes shall be set at the scheduling conference.

   (e) As per FRCP 33, the maximum number of interrogatories by each party to another party shall be 25, including all discrete subparts. The answers will be due within 30 days after being served.

   (f) As per FRCP 36, there shall be no maximum number of requests for admission. The answers will be due within 30 days after being served.

   (g) As per FRCP 30, the maximum number of depositions permitted by each party shall be 10. The parties agreed that Plaintiff will be able to conduct an additional preliminary deposition on the designated party of Defendant in addition to the deposition allowed per FRCP in order to identify persons in control of the router.

   (h) As per FRCP 30, depositions will be limited to 7 hours each.

   (i) The date for the exchange of expert reports shall be set at the Scheduling Conference.

   (j) The date for supplementations under Rule 26(e) shall be set at the Scheduling Conference.

   (k) The parties agreed that all discovery requests and data can be served by email to opposing counsel if possible.

4. Other Items:

    (a)    The Parties do not wish to meet with the Court before the scheduling order.

    (b)    The date for the pre-trial conference shall be set at the Scheduling Conference.

    (c)    The final dates for the Plaintiffs to amend pleadings or to join parties shall be set at the Scheduling Conference.

    (d)    The final dates for the Defendant to amend pleadings or to join parties shall be set at the Scheduling Conference.

    (e)    The final dates to file dispositive motions shall be set at the Scheduling Conference.

    (f)    Parties have discussed settlement and will have further discussions.

    (g)    Parties are unable, at this time to identify any alternative dispute resolution procedure that may enhance settlement prospects.

    (h)    The final dates for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists shall be set at the Scheduling Conference.

    (i)    The final dates to file objections under Rule 26(a)(3) shall be set at the Scheduling Conference.

    (j)    Parties estimate that this case can be ready for trial within 12 months of the Scheduling Conference

    (k)    The parties have discussed alternative dispute resolution options, including, without limitation, the option of participation in the court's mediation program.  Defendant is not open to arbitration.  The Parties are prepared to consider this matter further and discuss options at the Scheduling Conference.

    (l)    There is an issue regarding Defendant's insurance coverage that is yet to be resolved.  Depending on resolution of this issue, the counsel for Defendant may change.

    (m)    The insurer requested a further 30 day extension to answer the Complaint to which Plaintiff agreed.  Accordingly, Defendant's answer is due by 11/28/2019.

    (n)    Because Defendant's answer is not due until after 11/19/2019 (the current date of the scheduling conference), the parties jointly request that the scheduling conference be postponed for at least an additional 30 days to be a date subsequent to 11/28/2019.

Date:  September 18, 2019        /s/ Kerry S. Culpepper

Kerry S. Culpepper
Culpepper IP, LLLC
75-170 Hualalai Road
Suite B204
Kailua-Kona, Hawaii 96740
kculpepper@culpepperip.com
(808) 464-4047
*Attorney for Plaintiff*